Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6639 | **DATE** | 11/30/2010 |
| **CASE TITLE** | Kalan-Suna vs. The Boeing Company | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion to remand [16] because the Court lacks subject matter jurisdiction over this individual lawsuit. The Clerk of Court is directed to remand this case to the Circuit Court of Cook County. Status hearing set for 12/16/10 is stricken.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On October 15, 2010, Defendant, the Boeing Company ("Boeing"), removed the present Complaint of Law from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois along with 28 other lawsuits stemming from the February 25, 2009 crash of Turkish Airlines Flight 1951 near Amsterdam's Schiphol Airport. *See* 28 U.S.C. §§ 1441, 1446. Boeing maintains that the Court has subject matter jurisdiction over this lawsuit pursuant to the Class Action Fairness Act of 2005 ("CAFA") and alleges that the 28 other state court lawsuits along with the present matter constitute a "mass action." *See* 28 U.S.C. § 1332(d)(11). On October 30, 2010, Plaintiff Sevgi Kalan-Suna filed the present motion to remand pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court grants Ms. Kalan-Suna's motion to remand because the Court lacks subject matter jurisdiction over this individual lawsuit.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

In November 2009, four plaintiffs filed four separate complaints in the Circuit Court of Cook County based on the February 25, 2009 airplane crash alleging product liability claims against Boeing in regard to the 737-800 aircraft at issue. On December 16, 2009, Boeing removed these lawsuits to the United States District Court for Northern District of Illinois based on diversity jurisdiction after which the plaintiffs moved to remand. The presiding judges in all four federal cases remanded them to state court after which Boeing moved to dismiss the complaints based on preemption and forum non conveniens.

After these cases were remanded to the Circuit Court of Cook County, five different law firms filed 25 additional complaints in state court, including Plaintiff Kalan-Suna's complaint. These additional complaints also alleged product liability claims against Boeing based on the February 25, 2009 airline crash. Each complaint had a separate jury demand. Thereafter, the Circuit Court of Cook County consolidated these cases for discovery purposes only. On August 4, 2010, a Circuit Court judge set a ruling date on Boeing's preemption motion and a briefing schedule for the forum non conveniens motion. After the plaintiffs filed a single brief in opposition to Boeing's forum non conveniens motion, Boeing sought an extension of time and on October 6, 2010, a revised briefing order was entered requiring Boeing to complete discovery by October 22, 2010 and to file its reply brief in support of its forum non conveniens motion by October 27, 2010.

Instead of filing a reply brief, Boeing removed this action – along with the 28 other separate state court cases – to federal court based on a footnote in plaintiffs' consolidated response brief that Boeing characterized as "Plaintiffs' proposal of an exemplar trial, followed by application of the result of such trial to the remaining 110+ Plaintiffs through issue or claim preclusion." Plaintiffs' footnote, in response to Boeing's argument that its witnesses would be required to repeatedly travel to Chicago, stated the following: "As this Court is aware, in aviation disaster cases, several exemplar cases are routinely tried on one occasion at which time the issue of liability is determined for the remainder of the cases." Plaintiffs, including Kalan-Suna, argue that Boeing misinterpreted this footnote and, accordingly, there is no basis for CAFA jurisdiction under 28 U.S.C. § 1332(d)(11). Ms. Kalan-Suna also argues that her lawsuit has only one plaintiff, not over 100 as Boeing suggests.

## ANALYSIS

"Section 1332(d)(11)(A) defines 'class action' to include any 'mass action', which per 1332(d)(11)(B)(i) is a suit 'in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact.'" *Bullard v. Burlington No. Santa Fe Ry. Co.*, 535 F.3d 759, 761 (7th Cir. 2008); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 571, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ("CAFA confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5 million" thus "abrogat[ing] the rule against aggregating claims"). Excluded from this definition are "claims [that] are joined upon motion of a defendant" and "claims [that] have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(II), (IV); *see also Anderson v. Bayer Corp.,* 610 F.3d 390, 393 (7th Cir. 2010).

Here, Boeing has attempted to circumvent the clear language of CAFA by interpreting a footnote in the plaintiffs' response to Boeing's forum non conveniens motion as the plaintiffs' proposal that the Court treat these cases – consolidated solely for pretrial proceedings – as a "mass action." Plaintiffs' footnote made no such unequivocal proposal. Meanwhile, the present lawsuit has one plaintiff, Ms. Kalan-Suna, not 110+ as Boeing argues. As the Seventh Circuit recently explained:

> The mass action provision gives plaintiffs the choice to file separate actions that do not qualify for CAFA jurisdiction. The instant cases contain fewer than 100 plaintiffs and thus are not removable

under the plain language of the statute. [Defendant's] argument that these separate lawsuits be treated as one action is tantamount to a request to consolidate them – a request that Congress has explicitly stated cannot become a basis for removal as a mass action.

*Anderson,* 610 F.3d at 393-94. As the *Anderson* court further articulated "the general rule in a diversity case is that 'plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Id.* at 393 (citation omitted).

The *Anderson* decision also makes clear that the plaintiffs' future actions in state court may render these claims removable. *See id.* at 394. In *Bullard*, for example, the Seventh Circuit concluded that state court cases may become a removable mass action if plaintiffs numbering over 100 propose to be tried jointly – which is not the case here. *See id.* at 762; *see also Anderson*, 610 F.3d at 394. Meanwhile, at this juncture, the Court does not have subject matter jurisdiction over Ms. Kalan-Suna's lawsuit. *See Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009) (federal courts analyze subject matter jurisdiction at the time of removal when the case first appears in federal court). Accordingly, the Court grants Ms. Kalan-Suna's motion to remand pursuant to 28 U.S.C. § 1447(c).